**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES D. TRUJILLO,

      Petitioner - Appellant,

v.

GARY NEET, Warden; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 02-1518
(D.C. No. 01-MK-1699)
(D. Colorado)

## ORDER[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Charles D. Trujillo applies *pro se* for a certificate of appealability[1] (COA) to permit him to appeal the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Exercising jurisdiction under 28 U.S.C. § 2253(c)(1), we see no basis for an appeal and deny a COA.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

[1] *See* 28 U.S.C. § 2253(c)(1).

Mr. Trujillo was sentenced on June 14, 1996, after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA's one-year period of limitation applies to his case. *See* 28 U.S.C. § 2244(d)(1)(A). Mr. Trujillo's conviction and sentence became final on July 29, 1996, so unless tolled by the pendency of a properly filed application for state post-conviction or other collateral reivew, he had one year from that date to petition for habeas corpus relief. *See* 28 U.S.C. § 2244(d)(2); 28 U.S.C. § 2254. The period was tolled for twenty-three days during the pendency of Mr. Trujillo's motion for sentence reconsideration in late 1996. It was not further tolled after that point because Mr. Trujillo did not file his motion for post-conviction relief until the end of 1998, well after the expiration of the one-year limitation period. Nor has Mr. Trujillo shown any circumstances sufficient to warrant equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling permitted only in rare and exceptional circumstances).

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." *Miller-El*, 123 S. Ct. at 1034. When a district court has dismissed a habeas petition on procedural grounds, in addition to the above showing a prisoner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El*, 123 S.Ct. at 1039. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* While Mr. Trujillo, in applying for a COA, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his [or her] part." *Id.* at 1040 (internal quotations and citation omitted).

With these principles in mind, we have carefully reviewed the record and conclude that reasonable jurists would not debate the district court's procedural ruling as to the untimeliness of Mr. Trujillo's petition.

Mr. Trujillo has also filed a motion for leave to proceed *in forma pauperis*. Because he has not shown the existence of a reasoned, nonfrivolous argument on the law and the facts in support of reversing the district court's dismissal of his petition, however, we deny him *in forma pauperis* status. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Accordingly, we **DENY** the request for a certificate of appealability,

**DENY** the motion to proceed *in forma pauperis*, and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge